Dear Representative Kennard:
You have requested the opinion of this office concerning the applicability of LSA-R.S. 17:493.1(A), relative to the assignment of routes to school bus drivers. Your request concerns the following facts:
 At the beginning of a particular school year in August, school bus driver Jane Doe (who is a tenured employee of and who operates a school bus owned by a city or parish school board) is assigned a route servicing School A (a.m. and p.m.), School B (a.m. and p.m.), School C (a.m. only), School D (p.m. only), hereafter referred to as original route number one. At the same time, school bus driver Jane Smith (who is a tenured employee of and who operates a school bus owned by the same local school board as driver number one) is assigned a route servicing School Z (a.m. and p.m.), hereafter referred to as original route number two. Several weeks later, for necessary and proper reasons, school system administrators make route changes. As a result of these changes, new route number one consists of servicing School B (a.m. and p.m.), School C (a.m. only), and School D (p.m. only). New route number two consists of servicing School A (a.m. and p.m.), previously serviced by driver Jane Doe, and School Z (a.m. and p.m.), the only school previously serviced by driver Jane Smith. Jane Doe is the tenured school bus operator residing closest to new route number two.
Your first question concerns whether LSA-R.S. 17:493.1(A) is applicable to the circumstances outlined above. LSA-R.S.17:493.1(A) states:
 Whenever a school bus operator is needed to drive a route serviced by a bus owned by a city or parish school system or by a contract bus driver paid compensation for nonpassenger miles, whether that route is newly created or has been vacant by a previous operator, the school bus operator who has acquired tenure and who resides closest to the vacant route shall be offered the opportunity to and may change from driving his route to the vacant route before another driver is selected. If the tenured bus operator residing closest to the vacant route chooses not to change to the vacant route, the route may then be offered to a nontenured bus operator. If a tenured bus operator chooses to change routes, his then vacant route shall be filled using the process described in this Subsection.
It is the opinion of this office that LSA-R.S. 17:493.1(A) is intended to apply to situations where a new route is established or an already established route becomes vacant. This does not include a scenario in which the schedule of established routes driven by a bus operator is changed during the course of a semester for reasons which the school board considers to be necessary and expedient. The mere rescheduling of two bus operators' routes would not constitute the creation of a new route and, hence, a vacancy to be filled under LSA-R.S.17:493.1(A).
The facts as presented by your opinion request do not concern a situation in which a new route was created or an existing bus driver has ceased operating. The school board in question has discretion in managing the school bus routes within its jurisdiction. Assuming that the changes in routes driven by the tenured operators, Jane Smith and Jane Doe, did not constitute a removal from office, or demotion, under LSA-R.S.17:493, the changes in routes are proper without application of LSA-R.S. 17:493.1(A).
Because we find that LSA-R.S. 493.1(A) is not applicable to the factual scenario presented, your questions concerning the actual application of the statute to the hypothetical tenured bus operators are pretermitted.
I hope that this sufficiently answers your questions. If you require any further assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0282p